**FILED**
JUN - 8 2001
CLERK
U. S. DISTRICT COURT
MIDDLE DIST. OF ALA.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

**GEORGE W. DUNKLIN and**  )
**CARMEN DUNKLIN,**  )
  )
 Plaintiffs,  )
  )
v.  ) Civil Action No.01-D-562-N
  )
**UNITED STATES OF AMERICA,**  )
  )
 Defendant.  )

## MEMORANDUM BRIEF IN SUPPORT OF MOTION TO DISMISS OR IN ALTERNATIVE MOTION FOR SUMMARY JUDGMENT

### I. Background

This is an action brought by the plaintiffs' for wrongful foreclosure which falls under the Federal Tort Claims Act. (hereinafter the "FTCA"). The United States District Court has exclusive jurisdiction over a tort action against the United States. 28 U.S.C. § 1346(b). In the plaintiffs' complaint, they make claims for misrepresentation and deceit and request damages for the foreclosure of their property located in Lowndes County, Alabama. A mortgage on the property was held by the United States Department of Agriculture and Rural Development.

It is well settled that an United States Agency may not be sued in its own name, thus, the agency must be dismissed. Moreover, the individuals are employees of the USDA and likewise may not be sued in their individual capacity pursuant to the FTCA. Thus, these individuals must also be dismissed.

The foreclosure at issue took place on April 1, 1999 at approximately 12:15 p.m.

and the property was sold to a Mr. Kevin Lawrence. (exhibit "A") Approximately two hours later, the same day, the plaintiff, Mr. George Dunklin, filed for Chapter 13 bankruptcy. (Exhibit "B") In his petition for bankruptcy, Dunklin swore under the penalty of perjury, he had listed all assets of his estate. (Exhibit" C", p.1,7 ) The property at issue was listed as worth $50,000. (Exhibit "C", p. 13) Although he listed the USDA as a creditor, he did not list any lawsuit against the USDA as an asset of the bankruptcy estate. (Exhibit "C", p. 15, item no. 20 ) It is well settled, that once a bankruptcy petition is filed, all assets in the estate become assets of the trustee and only the trustee has standing to pursue them. *Burkett v. Shell Oil Co.*, 448 F.2d 59 (5th Cir. 1971). (See also discussion addressed later in this memorandum). A debtor may not pursue any cause of action on his own that is available at the time or during the course of the bankruptcy unless the trustee specifically abandons the action. *Id.* No abandonment petitions were filed and this lawsuit -for which the plaintiffs' now demand $300,000 - was never ever listed as an asset of the estate. Specifically Mr. Dunklin was asked for additional claims which may be a part of the estate. The petition required disclosure of:

> Other contingent and unliquidated claims of every nature, including tax refunds, **counterclaims of the debtor**, and rights to setoff claims. Give estimated values of each.

The plaintiff, George Dunklin answered "none". (See exhibit "C" p. 15, item no. 20). Thus, by his own judicial admission, any legal claim involving the USDA foreclosure, which was fully disclosed in the petition, was worthless. However, the facts and circumstances which form the basis of this action were fully known to the trustee.

(Exhibit "C", pp. 5, 17) The trustee elected not to sue the USDA in the form of an adversary proceeding, but rather, filed a motion to set aside the foreclosure sale of the USDA. (Exhibit "D") The matter was set for hearing on July 12, 1999.  In the motion, the plaintiff admitted he filed the bankruptcy petition in order the reverse the foreclosure. (Exhibit "D").  In the motion, signed by his attorney, Dunklin, alleged the identical claims he makes in this action stating in pertinent part:

> The Debtor stated that he was told by the Department of Agriculture that if he would pay them $1500 there were be no foreclosure: that he in fact paid them the $1500 and considered that the end of it.  Said USDA did not refuse the money and to the contrary, kept it.  The Debtor states that he has made the monthly payments to them including direct payment to the of the post petition payments as provided by his plan.  And that he was mislead by the US Department of Agriculture about the foreclosure.  Upon learning of the foreclosure, the Debtor promptly sought legal advice and filed this chapter 13 case.
>
> The Debtor avers that he has filed this Chapter 13 case in order to keep his home and that said foreclosure should be set aside.

(Exhibit "D ") The United States responded to the motion in Federal Bankruptcy Court denying there was ever an agreement and explaining in detail why the foreclosure was valid and enforceable. (Exhibit "E" ) Moreover, controlling law mandated the foreclosure of the property for failure to make the required payments was valid. Id. The matter was heard by the Honorable Rodney Steele who held on August 31, 1999 refused to set the foreclosure aside.  (Exhibit "F", p. 1) The Court did not have jurisdiction over the USDA since the USDA was no longer a creditor, and it had no jurisdiction over the new owner, Mr. Lawrence.  (Exhibit "F", p. 1)

However, the Court  would have had jurisdiction over the USDA to conduct an

adversary proceeding, if the plaintiff, Mr. Dunklin, had chosen to sue the USDA in bankruptcy court and had listed his claim against the USDA as an asset of the estate. This the trustee elected not to do.

Thereafter, the Chapter 13 plan was confirmed, the Trustee dismissed George Dunklin's case on October 26, 1999. and an order dismissing the case was entered January 5, 2000. (Exhibit "F", pp. 2,4,7,8,10)

If the Trustee had believed a viable action existed and had chosen to pursue a lawsuit based on the plaintiff's (Dunklin's) claims, the matter would have been treated as an adversary proceeding, and remained within the jurisdiction of the bankruptcy court. The foreclosure situation was disclosed, however, during that time, the trustee chose not to bring any action against the USDA and the Court did not require reversal of the foreclosure proceedings.

The USDA did not hear any more about the incident until they received a letter from plaintiffs' counsel on April 9, 2001, that the plaintiffs had filed this action. No administrative claim has ever been filed the USDA. (See declarations attached as exhibits "G" , p. 1-2 and "H", p.1-2).

## II. Discussion

**A. The United States Department of Agriculture Must be Dismissed and the United States substituted as an appropriate party Defendant for the individual defendants.**

It is well settled that if a tort suit is cognizable under the FTCA, the agency may not be sued in its own name. See *Hunt v. Dept. of the AirForce*, 29 F.3d 583 (11th Cir. 1994)(court dismissed action where plaintiff failed to properly serve the United States in an FTCA action); *Rey v. United States*, 484 F.2d 45 (5th Cir. 1973). The FTCA requires the named defendant in an FTCA action be the United States and only the United States. 28 U.S.C. §§ 1346(b), 2674, 2679(a). The plaintiff has failed to sue the proper party, and thus any claims against the USDA must be dismissed.

Moreover, the claims against the individuals in this cause must be dismissed as well, and the United States substituted as the only proper Defendant. Pursuant to the provisions of 28 U.S.C. 2679(a), plaintiff's exclusive remedy for a tort is to sue the United States in compliance with the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b) and 2672-80.The United States District Court has exclusive jurisdiction over a tort action against the United States. 28 U.S.C. § 1346(b). The Chief of the Civil Division of the United States Attorney's Office for the Middle District of Alabama has certified that, at the time of the conduct alleged, defendants were acting within the scope of their employment. See Certificate of Scope of Employment attached as Exhibit "I". Pursuant to the Federal Employees Liability Reform and Tort Compensation Act of 1988 §§ 5, 6, Pub. L. No. 100-

694, 102 Stat. 4563 (1988) (codified at 28 U.S.C. § 2679), the United States is hereby substituted for the defendants in this cause and all other named parties must be dismissed.

## B. The Complaint must be dismissed for failure to exhaust administrative remedies.

This case must proceed, if at all, against the United States pursuant to the Federal Tort Claims Act ("FTCA"). The plaintiff's failure to file an administrative claim under the FTCA deprives this Court of subject matter jurisdiction. Although the United States of America, as sovereign, is immune from claims arising from its negligence, *United States v. Testan*, 424 U.S. 392, 399 (1976), the Federal Tort Claims Act represents a limited waiver of this immunity. *United States v. Kubrick*, 444 U.S. 111, 117 (1979). The FTCA is explicit in the requirements for invoking the Court's jurisdiction to hear personal injury claims against United States governmental agencies.

Title 28 U.S.C. § 2675(a) provides in pertinent part:

> An action shall not be instituted upon a claim against the United States ... [for] personal injury ... caused by the negligent or wrongful act ... of an employee of the government while acting within the scope of his ... employment <u>unless the claimant shall have first presented the claim to the appropriate Federal agency</u> and his claim shall have been finally denied by the agency in writing ...

(emphasis added).

Consequently, in order for the waiver of immunity to occur, it is mandatory under the FTCA that a written claim be presented to the Federal agency whose activities gave

6

rise to the claim. 28 U.S.C. §§ 2401, 2671, 2675(a) (1978 & Supp. 1991). The administrative claim must: (a) be in writing; (b) state a sum certain; and (c) provide sufficient information to enable the agency to investigate. The claimant must put a monetary value on the claim in his administrative claim.[1] 28 U.S.C. § 2675(b); see *Kielwien v. United States*, 540 F.2d 676 (4th Cir.), *cert. denied*, 429 U.S. 979 (1976).

According to established principles of statutory construction, the FTCA must be literally construed. Tort claims against the United States are barred unless first presented in writing to the appropriate Federal agency. 28 U.S.C. §§ 2401(b), 2675. Moreover, since the statute expressly requires that presentation of the administrative claim <u>precede</u> the commencement of the suit, the suit must be dismissed if the administrative claim is not presented prior to the filing of the lawsuit even if the claim is presented shortly after commencement of suit. *Gregory v. Mitchell*, 634 F.2d 199 (5th Cir. 1981). (See Declaration of Andrew Williams attached hereto as exhibit "G"). Indeed, a plaintiff cannot bring suit until after his administrative claim has been finally denied by the agency in writing or six months have elapsed since its filing without the agency having made a final

---

[1] The underlying purpose of requiring an administrative claim is "to ease court congestion and avoid unnecessary litigation, while making it possible for the Government to expedite the fair settlement of tort claims asserted against the United States." S. Rep. No. 1327 at 2515-16; *see also Davis v. Marsh*, 807 F.2d 908 (11th Cir. 1987); *Adams v. United States*, 615 F.2d 284, 289 (5th Cir. 1980). The filing of the claim gives the agency an opportunity to investigate the claim and to either pursue settlement or prepare a defense. 28 U.S.C. § 2672 (1965 & Supp. 1991); *Tucker v. United States Postal Service*, 676 F.2d 954, 958 (3d Cir. 1982) (citing S. Rep. No. 1327, 89th Cong., 2d Sess. 6, reprinted in 1966 U.S. Code Cong. & Admin. News, 2515-16). Thus, a claimant must provide the appropriate agency "sufficient information both to permit an investigation and to estimate the claim's worth." *Keene Corp. v. United States*, 700 F.2d 836, 841 (2d Cir.), <u>*cert. denied*</u>, 464 U.S. 864 (1983).

disposition. 28 U.S.C. § 2675(a). Suit filed prior to that time is subject to dismissal for lack of subject matter jurisdiction. *McNeil v. United States*, 113 S. Ct. 1980 (1993)(suit subject to dismissal where filed prior to denial of claim, though agency rejected claim after commencement of suit); *see also Lykins v. Pointer, Inc.*, 725 F.2d 645 (11th Cir. 1984)(Requirement of § 2675(a) is "jurisdictional and cannot be waived").

The Government's waiver of immunity, and all conditions of that waiver, must be strictly observed and should not be implied or extended by the courts beyond that which Congress intended. *United States v. Kubrick*, 444 U.S. at 118; *Soriano v. United States*, 352 U.S. 270, 276 (1957). The mandatory language of the statute does not confer discretion upon the court to excuse noncompliance, nor does it permit the parties to waive the requirement. *Bialowas v. United States*, 443 F.2d 1047, 1049 (3d Cir. 1971). Additionally, the Federal Tort Claims Act clearly bars all claims for punitive damages. 28 U.S.C. § 2674. Further, it does not grant entitlement to a jury trial and all jury demands must be stricken.

THEREFORE, for the reasons set forth above, separately and severally, the plaintiff's cause of action must be dismissed.

**C. The Federal Tort Claims Act Precludes All Claims Arising From Misrepresentation and Deceit.**

Additionally, the present complaint is also due to be dismissed on another ground. The Federal Tort Claims Act excludes "[a]ny claim arising out of... misrepresentation [and] deceit...". 28 U.S.C. § 2680(h). The exception maintains sovereign immunity over any

tort claim based upon reliance on governmental misinformation or a failure to communicate correct information. *Block v. Neal*, 460 U.S. 289, 296-297, 75 L.Ed.2d 67, 74, 103 S.Ct. 1089, 1093 (1983). The exception encompasses "negligent as well as willful, misrepresentation." *United States v. Neustadt*, 366 U.S. 696, 702, 6 L.Ed.2d 614, 619, 81 S.Ct. 1294, 1298 (1961). It is the substance of a claim and not the language used in stating it which controls whether the claim is barred by an exception to the Federal Tort Claims Act (FTCA); thus, a plaintiff cannot circumvent the misrepresentation exception simply through the artful pleading of its claims. 28 U.S.C.A. §§ 1346, 2671 et seq., 2680(h)

The gravamen of plaintiffs' action claims Arthur Powers and Brenda Parker, as employees of the Department of Agriculture, used deceit and misrepresentations to wrongfully dispossess the plaintiffs' of their property through a foreclosure sale conducted by the agency. Complaint, ¶ 6 and 7. Therefore, the plaintiffs' claims are barred by the clear language of § 2680(h).

## C. The Plaintiff's Prior Bankruptcy Bars the Plaintiff's Action on the Grounds of Res Judicata and Collateral Estoppel

The Plaintiffs' complaint should be summarily dismissed due to the fact these issues were raised or could have been raised in the U.S. Bankruptcy Court. Thus, the plaintiffs' claims are barred by res judicata and/or collateral estoppel.

The plaintiffs, through the bankruptcy trustee, elected to pursue this claim in the U.S. Bankruptcy Court in the form of a motion to set aside the foreclosure, instead of an

adversary proceeding. The plaintiff chose not to list this lawsuit as an asset of the bankruptcy estate. Thus, having failed to disclose this claim or pursue an adversary proceeding, the plaintiffs not only lack standing to assert the claims before this Court, but are judicially estopped from doing so.

When a debtor seeks protection from his creditors by filing for bankruptcy, an estate consisting of all assets in which the debtor has a legal or equitable interest is created. 11 U.S.C. § 541(a). A debtor proceeding under Chapter 13 must file a schedule of assets and liabilities. 11 U.S.C. § 521. The debtor's estate includes, *inter alia*, all causes of action which have accrued at the time the bankruptcy action is commenced. *United States v. Whiting Pools, Inc.*, 462 U.S. 198, 205 n. 9, 103 S.Ct. 2309, 2313 n.9 (1983); *Venn v. St. Paul Fire & Marine Ins. Co.*, 99 F.3d 1058, 1064 n.10 (11th Cir. 1996)(*referencing Jones v. Harrell*, 858 F.2d 667, 669 (11th Cir. 1988)); *Miller v. Shallowford Community Hospital, Inc.*, 767 F.3d 1556, 1559 (11th Cir. 1985). Where a debtor attempts to pursue claims on his own behalf after the claims have passed into the bankruptcy estate, only the trustee, not the debtor, possesses standing to pursue the claims. *Burkett v. Shell Oil Co.*, 448 F.2d 59 (5th Cir. 1971).

Under the Bankruptcy Act, title to a "cause of action" vests in the trustee unless abandoned. *Dallas Cabana, Inc. v. Hyatt Corp.*, 441 F.2d 852, 867 n.9 (5th Cir. 1971). "After notice and a hearing, the trustee may abandon any property of the estate that is burdensome to the estate or that is of inconsequential value and benefit to the estate." 11 U.S.C. § 554(a).

If the trustee has failed to prosecute a claim, a would-be plaintiff must petition the bankruptcy court for an order authorizing abandonment of the property. *Dallas Cabana*, 441 F.2d at 868 & n. 10. Without authorization or clear manifestation of the trustee to abandon the claim or some other disposition of the claim, the debtor may not maintain a cause of action which has vested in the trustee. *Id.* at 868.

In the present case, the plaintiffs failed to list the claim they now assert in this Court. If they had chosen to file a claim against the USDA, other than the Motion to Set Aside the Foreclosure, the matter would have become an adversary proceeding in the Bankruptcy Court. See *Browning v. Navarro*, 887 F. 2d 553 (5th Cir. 1989). Contested matters become adversary proceedings when "an objection to a claim is joined with a demand for relief of the kind specified in Rule 7001." See Fed. R. Bankr. P. 3007. Such relief includes demands for monetary damages. See Fed. R. Bankr. P. 7001(1).

Res judicata requires the satisfaction of four elements: (1) the prior suit must have ended with a judgment on the merits; (2) the parties must be identical or in privity; (3) the suit must be based on the same cause of action; and (4) the plaintiff must have had a full and fair opportunity to litigate the claim in the prior suit. *Murdock v. Ute Indian Tribe of Uintah & Ouray Reservation*, 975 F.2d 683, 686 (10th Cir.1992)); but cf. *Yapp v. Excel Corp.*, 186 F.3d 1222, 1227 n. 4 (10th Cir.1999) (stating that "full and fair opportunity to litigate" is not actually an element of res judicata, but rather "an exception to the application of claim preclusion when the [first] three referenced requirements are otherwise present") (citing *Kremer v. Chemical Constr. Corp.*, 456

11

U.S. 461, 481 n. 22, 102 S. Ct. 1883, 72 L. Ed. 2d 262, (1982)).

In the present action, Mr. Dunklin, who jointly owned the property at issue with his wife, filed for bankruptcy. The precise property was at issue and the USDA was named directly. Mr. Dunklin had a forum and opportunity to raise his claim against the USDA and in fact did so, in the form of a motion to set aside the foreclosure. The USDA, through the United States Attorney's Office, filed a response to that claim, and the Court declined to set aside the foreclosure. Thus, the elements of res judicata are met in this cause and this action is barred.

In a recent similar action, *Plotner v. AT & T Corp.*, 224 F.3d 1161 (10th Cir. 2001), the debtor/plaintiff, Plotter, sought to set aside the sale of property which had been sold during the course of the bankruptcy. The case involved three lawsuits, referred to in the decision as *Plotner I, Plotner II* and *Plotner III*. In *Plotner I* involved the sale and the hearing and while the plaintiff made several filings an adversary proceeding was not filed. *Plotner II* involved the filing of an adversary proceeding seeking monetary damages for the sale of the property. The Court found that the plaintiff's adversary proceeding was also barred by res judicata. The Court held trial judge's order in Plotner I order became a final order for res judicata purposes when Plotner did not seek reconsideration of or appeal that order, but rather consented to dismissal of her appeal and bankruptcy action.. Cf. *Clark v. Haas Group, Inc.*, 953 F.2d 1235, 1238 (10th Cir.1992) (holding that a "stipulated, voluntary dismissal of [the plaintiff's] first suit, approved by the court with prejudice, was a judgment on the merits"

for res judicata .)  The Court held:

> We have previously held, in an unpublished decision, that a bankruptcy court order "authorizing sale of real property ... is a final order" for purposes of 28 U.S.C. § 158(d), which governs the jurisdiction of the courts of appeals over appeals from "final decisions, judgments, orders and decrees" under 28 U.S.C. § 158(a), (b). *Bush v. United States Bankr. Ct. for District of Colo.*, No. 93-1345, 1994 WL 596762, at *1 (10th Cir. Nov. 2, 1994) (citing *Hendrick v. Avent*, 891 F.2d 583, 586 (5th Cir.1990)) (further citations omitted). The finality standard for purposes of determining appellate jurisdiction, however, is distinct from the "judgment on the merits" standard of the preclusion inquiry. See *Magic Circle Energy 1981-A Drilling Program v. Lindsey (In re Magic Circle Energy Corp.)*, 889 F.2d 950, 953 (10th Cir.1989) (discussing the standard for finality under 28 U.S.C. § 158(d)).

*Plotter v. AT&T*, 224 F.3d 1161, at 1169

An order issued by the bankruptcy court authorizing the sale of part of the bankrupt estate is a final judgment even though the order neither closes the bankruptcy case nor disposes of any claim.   See, e.g., *In re Sax, 796 F.2d 994, 996 (7th Cir.1986).* (" 'Final' is interpreted more liberally in bankruptcy cases than in other federal cases. *In re Barker*, 768 F.2d 191, 193 (7th Cir.1985) ... Orders approving or failing to approve a sale of debtor's property are considered final decisions and are immediately appealable.")

> The court in *Plotner* explained:
>
> We have adopted the "transactional approach" of Restatement (Second) of Judgments § 24 in analyzing the "same cause of action" element of res judicata. *Petromanagement Corp. v. Acme-Thomas Joint Venture*, 835 F.2d 1329, 1335 (10th Cir.1988) (relying on Restatement of Judgments § 24 (1980)). In *Nwosun*, we explained:
>   Under this approach, a cause of action includes all claims or legal theories of recovery that arise from the same transaction, event, or occurrence. **All claims arising out of the transaction must therefore**

> **be presented in one suit or be barred from subsequent litigation.**
> *Nwosun*, 124 F.3d at 1257 (citing *Clark*, 953 F.2d at 1238-39; *May*, 899 F.2d at 1009; *Jarrett v. Gramling*, 841 F.2d 354, 357-58 (10th Cir.1988)).

*Plotner v. AT & T Corp.*, 224 F.3d 1161, at 1169 -1170 (emphasis added).

In another similar action, *Eubanks v. F.D.I.C.*, 977 F.2d 166 (5th Cir.1992) the court held res judicata effect of order confirming plan of reorganization barred debtors from asserting undisclosed claims.   The court stated:

> It is well-settled that, under certain circumstances, a judgment may bar a subsequent action by a person who was not a party to the original litigation. See *Meza*, 908 F.2d at 1266; *Aerojet-General Corp. v. Askew*, 511 F.2d 710, 719 (5th Cir.), *cert. denied*, 423 U.S. 908, 96 S. Ct. 210, 46 L. Ed. 2d 137 (1975). For example, where the non-party's interests were adequately represented by a party to the prior action, we have concluded that there is sufficient identity between the parties to apply the principles of res judicata and give preclusive effect to the prior judgment. *Meza*, 908 F.2d at 1266. A non-party, such as Mrs. Eubanks, is adequately represented where a party in the prior suit is so closely aligned to her interests as to be her virtual representative. *Meza*, 908 F.2d at 1267 (citing *Aerojet*); see also *Delta Air Lines, Inc. v. McCoy Restaurants, Inc.*, 708 F.2d 582, 587 (11th Cir.1983).

*Eubanks v. F.D.I.C.*, 977 F.2d 166, 170 (5th Circuit 1992).  See also: *County Fuel Co., Inc. v. Equitable Bank Corp.*, 832 F.2d 290 (4th Cir.1987) (debtor's failure to assert breach of contract counterclaim to proof of claim filed by creditor barred subsequent breach of contract action against creditor based on "principles of waiver closely related to those that, in the interests of repose and integrity, underlies res judicata"); *United Virginia Bank/Seaboard Nat'l v. B.F. Saul Real Estate Investment Trust*, 641 F.2d 185 (4th Cir.1981) (creditor judicially estopped from litigating issue based on earlier inconsistent position in bankruptcy proceedings.)

Upon becoming final, the order confirming a chapter 13 plan represents a binding determination of the rights and liabilities of the parties as ordained by the plan. Absent timely appeal, the confirmed plan is res judicata and its terms are not subject to collateral attack. *United States v. Richman*, 124 F.3d 1201, 1209 (10th Cir.1997)

There is no evidence that the claims were deliberately abandoned by the bankruptcy trustee. Since there is no evidence the bankruptcy trustee abandoned those claims, they remained in the bankruptcy estate, which has been confirmed. The plaintiff now lacks standing to assert these claims. Moreover, since the bankruptcy trustee never timely asserted any claims, claims made at this late date are clearly barred.

Alternatively, if the court chooses not to apply res judicata, collateral estoppel clearly bars the present claims. To invoke collateral estoppel, a party must demonstrate four elements: (1) the issue at stake must be identical to the one involved in the prior litigation; (2) the issue must have been actually litigated in the prior suit; (3) the determination of the issue in the prior litigation must have been a critical and necessary part of the judgment in that action; and (4) the party against whom the earlier decision is asserted [the Dunklins] must have had a full and fair opportunity to litigate the issue in the earlier proceeding. *I.A. Durbin, Inc. v. Jefferson National Bank*, 793 F.2d 1541, 1549 (11th Cir.1986). *Matter of McWhorter*, 887 F.2d 1564, 1566 (N.D. Ala. 1989).

In the present action, all of the elements of estopell are met. The precise issue

15

in this litigation was raised in Dunklin's motion to set aside the foreclosure. The issue was presented to the Bankruptcy Court and the Court refused to set aside the foreclosure, thus, the matter was litigated and an order was issued. The Dunklins had a full and fair opportunity to address the matter in the Bankruptcy Court, and threw the Trustee, could have elected to pursue an adversary proceeding. Thus, another lawsuit based upon the same facts and circumstances is clearly barred and may not be litigated again.

### III. Conclusion

This action should be dismissed for several reasons. First, the plaintiffs have not sued the proper party in interest. Second, they have not pursued or exhausted the administrative remedies as required by the FTCA. Third, claims for misrepresentation and deceipt are barred by the FTCA. Finally, because these claims were raised in the U.S. Bankruptcy Court, the plaintiffs may not re-litigate the claims in another forum. Their suit is clearly barred by res judicata and collateral estoppel. Thus, for each of the foregoing reasons, the plaintiffs' complaint must be dismissed.

Respectfully submitted,

CHARLES R. NIVEN
United States Attorney

By: _____
JULIA J. WELLER
Assistant United States Attorney
SJIS #WEL025
Middle District of Alabama

P.O. Box 197
Montgomery, Alabama 36101
Telephone: (334) 223-7280

## CERTIFICATE OF SERVICE

I hereby certify that I have this date served a copy of the foregoing Memorandum Brief in Support of Motion to Dismiss upon the persons listed below, by mailing each a copy of same, first class, postage prepaid, addressed as follows:

Jarett C. Crawford, Sr.
Attorney for Plaintiffs
P.O. Box 366
Mobile, Alabama 36601

Dated this the 8th day of June, 2001.

*Julia J. Weller*
Assistant United States Attorney

# EXHIBITS TO THIS DOCUMENT NOT SCANNED